## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NO.:_____

DEJACON BASTIEN

      Plaintiff,

v.

WILLIAMS ISLAND PROPERTY OWNERS' ASSOCIATION, INC.
a Florida Not for Profit Corporation,

      Defendant.

_____/

## COMPLAINT

COMES NOW Plaintiff, DEJACON BASTIEN ("Plaintiff"), by and through the undersigned counsel, hereby sues Defendant, WILLIAMS ISLAND PROPERTY OWNERS' ASSOCIATION, INC., a Florida Not for Profit Corporation, ("Defendant"), and alleges as follows:

1. This is an action for declaratory and injunctive relief and damages pursuant to the Civil Rights Act of 1866, 42 U.S.C. §1981 ("§ 1981") to redress injuries resulting from Defendant's unlawful race-based discriminatory treatment of Plaintiff.

2. At all times material hereto, Plaintiff was a resident of Miami Dade County, Florida.

3. Defendant is a Florida Not for Profit Corporation authorized to conduct business in the State of Florida.

4. Venue is proper in Miami-Dade County because all of the actions that form the basis of this Complaint occurred within Miami-Dade County and payment was due in Miami-Dade County.

5. Declaratory, injunctive, legal and equitable relief sought pursuant to the laws set forth above together with attorneys' fees, costs and damages.

6. All conditions precedent for the filing of this action before this Court has been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

7. Plaintiff is a Haitian-African-American individual, and within a class of individuals protected by § 1981.

8. Plaintiff performed work for Defendant as a non-exempt employee from on or about January 17, 2005, through on or about April 8, 2014 as a Pantry Cook.

9. Throughout Plaintiff's employment, he was subject to a pattern and practice of discriminatory treatment by Defendant's non-black agents.

10. Plaintiff was one of a few Haitian employees working in the kitchen.

11. Plaintiff alleges that when Chef Carlos was hired, Plaintiff would be treated in a discriminatory way in comparison with other similarly situated individuals outside the protected class.

12. After approximately 8 years working for Defendant, Plaintiff would receive write ups for supposedly not following recipes, which was not the case; but other employees that would be on their cell phones, prepare meals not following procedures did not receive any write ups nor were disciplined.

13. Plaintiff employment with Defendant was terminated on April 8, 2014. Plaintiff alleges that the reason for his termination was his race.

14. Throughout Plaintiff's employment with Defendant, Plaintiff performed his essential duties in an exemplary fashion.

## COUNT I
### *Race Discrimination in Violation of 42 U.S.C. § 1981*

15. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-14 of this complaint as if set out in full herein.

16. Plaintiff is a member of a protected class under § 1981.

17. By the conduct describe above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's race and subjected the Plaintiff to race-based animosity.

18. Such discrimination was based upon the Plaintiff's race in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff is Black.

19. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights.  Defendant and its supervisory personnel were aware that discrimination on the basis of race was unlawful but acted in reckless disregard of the law.

20. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

21. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

22. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

23. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent

continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

24. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

25. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

26. So that Plaintiff's rights may be protected, Plaintiff has retained the undersigned counsel who is entitled to attorney's fees pursuant to 42 U.S.C. § 1988, the Civil Rights Attorneys Fee Award Act.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

a. Adjudge and decree that Defendant has violated 42 U.S.C. § 1981, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

b. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

c. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

d. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by

Defendant, or in lieu of reinstatement, award front pay;

e.  Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

f.  Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

Dated: 9/22/16

Respectfully submitted,

Anthony M. Georges-Pierre, Esq.
Florida Bar No. 533637
**REMER & GEORGES-PIERRE, PLLC**
44 West Flagler St., Suite 2200
Miami, FL 33130
Telephone: 305-416-5000
Facsimile: 305-416-5005
agp@rgpattorneys.com
apetisco@rgpattorneys.com
rregueiro@rgpattorneys.com
pn@rgpattorneys.com